## BROCK v. SURPLESS et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

DISCOVERY—ACCOUNT BOOKS NOT IN POSSESSION OF PARTY.

Under Code Civ. Proc. § 803, authorizing a court of record to compel a party to an action pending therein to produce and discover books, documents, or other papers in his possession or under his control, relating to the merits of the action or defense therein, an order requiring the plaintiff to produce the account books of a foreign corporation, not a party to the suit, and which were not in plaintiff's possession or under his control, was erroneous.

Appeal from special term, Kings county.

Action by William H. Brock against James Surpless and others. From an order directing plaintiff to disclose account books belonging to a foreign corporation not a party to the action, the plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

Randolph Parmly (Frederick E. Kessinger, on the brief), for appellant.

Ellis L. Aldrich, for respondents.

PER CURIAM. The defendants have procured an order compelling the plaintiff to produce for the defendants' inspection the account books of a foreign corporation not a party to the action. The plaintiff, under oath, denies custody, possession, control, power, authority, or right to the books, and avers that they are in the possession, custody, and control of the secretary of the company, whom he names, pursuant to resolution of the board of directors. These allegations are unrefuted. The defendants' counsel admits in his brief that "after an exhaustive research" he can find no authority in point. The case of Martine v. Albro, 26 Hun, 559, related to books which were in the defendants' undisputed possession, and which they had already produced for inspection, pursuant to a prior order. As the order appealed from herein relates to books not within the terms of section 803 of the Code of Civil Procedure, as to possession or control, either literally or constructively, it must be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements.